UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN CHIME and BETHANY CHIME )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FAMILY LIFE COUNSELING AND )<br>PSYCHIATRIC SERVICES )<br>)<br>Defendant. ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiffs John Chime ("Mr. Chime") and Bethany Chime ("Mrs. Chime") (collectively "Plaintiffs") allege as follows for their Complaint against Defendant Family Life Counseling and Psychiatric Services ("Defendant"):

1. Defendant is an Ohio non-profit corporation.

2. Defendant's revenues exceed $500,000 per year.

3. Defendant is an enterprise engaging in interstate commerce.

4. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq*.

5. This Court has supplemental jurisdiction over Plaintiffs and their state-law claims pursuant to 28 U.S.C. Section 1367(a).

6. This Court has personal jurisdiction over the claims and parties raised in this Complaint.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. Section 1391(b)(1) because it is the judicial district in which Defendant resides.

8.Plaintiffs have hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

9.Plaintiffs consent to become party plaintiffs in this action and have attached their written consent hereto as Exhibit A.

10.Plaintiffs worked over 40 hours per week for Defendant for more than three years.

11.Defendant had actual or constructive knowledge that Plaintiffs were working over 40 hours per week for Defendant.

12.Plaintiffs were non-exempt non-salaried employees of Defendant.

13.Plaintiffs were not paid time-and-a-half overtime wages for each hour of overtime that they worked for Defendant.

14.On or about April 6, 2019, Mrs. Chime orally complained on the phone to the Executive Assistant, Margie Burgraff, that Mrs. Chime would no longer work unpaid overtime hours. Specifically, Mrs. Chime stated, "I can't keep working unpaid hours. I'm not getting paid for the overtime."

15.On April 9, 2019, Mr. Chime emailed his supervisor, Brent Schaffer ("Mr. Schaffer"), and the Executive Director, Dr. Steven Burgraff ("Dr. Burgraff"), to complain about Defendant not paying Mr. Chime for the hours he worked in excess of 40 hours per week. Specifically, Mr. Chime wrote, "I will not be doing [assessments]. They take me several unpaid hours to complete." Mr. Chime also wrote, "I have donated literally hundreds of free hours to Family Life in the building of the region . . . . I simply have no more free time to offer."

16.On or about April 12, 2019, Mr. Schaffer insisted that Mr. Chime should work unpaid overtime hours to complete assessments. In response, Mr. Chime texted Mr. Schaffer, "Let me

make this clear. You are creating a hostile work environment. Trying to force me to work on this is also a violation of the Fair Labor Standards Act. Cease." Mr. Schaffer then insisted, "You have time in your schedule." Mr. Chime notified Mr. Schaffer, "I will be directing this to my attorney."

17. On May 15, 2019, Dr. Burgraff mailed separate letters to Plaintiffs in which Dr. Burgraff erroneously accused Plaintiffs of creating a conflict of interest that purportedly violated Defendant's code of conduct.

18. On May 16, 2019, Mr. Chime emailed Dr. Burgraff and carbon copied Plaintiffs' attorney, Christopher Zuzolo, Esq. ("Mr. Zuzolo"), to notify Defendant that Plaintiffs had consulted an attorney.

19. On June 5, 2019, Mr. Zuzolo mailed a detailed letter to Defendant explaining why Plaintiffs had not created a conflict of interest. Mr. Zuzolo concluded by writing, "[S]hould Family Life Counseling & Psychiatric Services, LLS, its CEO Dr. Burgraff, or any other employee attempt to implement punitive and/or adverse actions, Mr. Chime will respond to the fullest extent of legal recourse."

20. On July 12, 2019, Defendant terminated Plaintiffs in retaliation for their complaints about Defendant violating the Fair Labor Standards Act and in retaliation for Plaintiffs consulting an attorney.

**COUNT I**
**UNPAID OVERTIME**

21. Plaintiffs re-allege each allegation set forth in paragraphs 1 to 20 above.

22. Defendant is required to comply with the overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

23. Defendant has violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act because Plaintiffs frequently worked more than 40 hours per week and Defendant did not pay Plaintiff time and a half overtime wages for all hours worked in excess of the 40-hour workweek.

24. Defendant's conduct with regard to not paying overtime to Plaintiffs was willful.

25. Plaintiffs have been damaged by Defendant's nonpayment of overtime wages.

26. Plaintiffs are entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

27. Defendant is liable for the costs and reasonable attorney's fees of Plaintiffs pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT II
## RETALIATION

28. Plaintiffs re-allege each allegation set forth in paragraphs 1 to 27 above.

29. Plaintiffs opposed and complained about Defendant's unlawful overtime wage practices.

30. Plaintiffs had a reasonable belief that Defendant was engaging in unlawful overtime wage practices.

31. Defendant retaliated against Plaintiffs by terminating them because of Plaintiffs' opposition and complaints about Defendants' unlawful overtime wage practices.

32. Plaintiffs have been damaged by Defendants' retaliation.

33. Defendant's conduct is the cause of Plaintiffs' damages.

34. Defendant acted with actual malice, entitling Plaintiffs to punitive damages.

35. Plaintiffs are entitled to compensatory damages under the Fair Labor Standards Act for Defendants' violation of Section 15(a)(3) of that Act (28 U.S.C. Section 215(a)(3)).

36. Defendant is liable for Plaintiffs' attorney's fees and costs pursuant to the Fair Labor Standards Act.

## COUNT III
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

37. Plaintiffs re-allege each allegation set forth in paragraphs 1 to 36 above.

38. A clear public policy prohibiting retaliation against an employee who threatens to consult an attorney exists in Section 16, Article I of the Ohio Constitution and in the common law.

39. Permitting Plaintiffs' termination places in jeopardy clear public policies set forth in Section 16, Article I of the Ohio Constitution and in common law.

40. Defendant's termination of Plaintiffs was related to clear public policies set forth in Section 16, Article I of the Ohio Constitution and in the common law.

41. Defendant lacked an overriding business justification for the discharge of Plaintiffs.

42. Plaintiffs have been damaged by Defendant's wrongful discharge.

43. Defendant's wrongful discharge is the cause of Plaintiffs' damages.

44. Defendant acted with actual malice, entitling Plaintiffs to punitive damages and their attorney's fees and costs.

## COUNT IV
## NEGLIGENT TRAINING, RETENTION, AND SUPERVISION

45. Plaintiffs re-allege each allegation set forth in paragraphs 1 to 44 above.

46. Defendant had a duty to use due care in training, retaining, and supervising Dr. Burgraff and Mr. Schaffer.

47. Defendant breached its duty to use due care in training, retaining, and supervising Dr. Burgraff and Mr. Schaffer.

48. Plaintiffs have been damaged by Defendant's failure to use due care.

49. Defendant's conduct is the cause of Plaintiffs' damages.

WHEREFORE, Plaintiffs demand judgment against Defendant for their lost wages, front pay or reinstatement, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, punitive damages, unpaid overtime, liquidated damages, any other compensatory damagers, prejudgment interest at the statutory rate, interest or liquidated damages on unpaid wages pursuant to Ohio Revised Code 4113.15, post-judgment interest, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

        Respectfully submitted,

        <u>/s/ Brad Levine</u>
        Stephan I. Voudris, Esq.
        Supreme Court No. 0055795
        Brad Levine, Esq.
        Supreme Court No. 0090286
        Voudris Law LLC
        8401 Chagrin Road, Suite 8
        Chagrin Falls, OH 44023
        svoudris@voudrislaw.com
        blevine@voudrislaw.com
        440-543-0670
        440-543-0721 (fax)
        *Counsel for Plaintiffs*

_John Chime_ agrees and consents to become a party plaintiff in this lawsuit.

*[signature]*

**EXHIBIT A**

_Bethany Chive_ agrees and consents to become a party plaintiff in this lawsuit.

_/s/ Bethany Chive_

**EXHIBIT A**