UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **John Chime and Bethany Chime,** | ) | CASE NO. 1:19-CV-02513 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | **DEFENDANT FAMILY LIFE** |
| | ) | **COUNSELING AND PSYCHIATRIC** |
| **Family Life Counseling and** | ) | **SERVICES ANSWER TO** |
| **Psychiatric Services,** | ) | **PLAINTIFFS' AMENDED** |
| | ) | **COMPLAINT, AND** |
| Defendant. | ) | **COUNTERCLAIM** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

Now come the Defendant, by and through counsel, and for its Answer to the Amended Complaint of the Plaintiff state as follows:

1. Admit.

2. The allegation in Paragraph #2 is denied as stated.

3. Admit that Defendant accepts payments from various payors and purchases supplies from various suppliers, but denies remaining allegations for lack of knowledge.

4. Paragraph #4 consists only of legal conclusions such that no response is necessary. To the extent a response is necessary, deny.

5. Paragraph #5 consists only of legal conclusions such that no response is necessary. To the extent a response is necessary, deny.

6. Paragraph #6 consists only of legal conclusions such that no response is necessary. To the extent a response is necessary, deny.

7. Admit that Defendant has offices in Richland County, Ohio. Paragraph #7 consists of legal conclusions such that no additional response is necessary. To the extent an additional response is necessary, deny.

8. Deny for lack of knowledge.

9. Deny for lack of knowledge.

10. Deny.

11. Deny.

12. Admit that Plaintiffs were employees of Defendant but deny remaining allegations in Paragraph #12.

13. Deny.

14. Deny.

15. The referenced document speaks for itself such that no response is necessary. To the extent a response is necessary, deny to the extent inconsistent with said document.

16. The referenced document speaks for itself such that no response is necessary. To the extent a response is necessary, deny to the extent inconsistent with said document. Specifically, deny that Mr. Schaffer insisted that Mr. Chime work unpaid overtime hours.

17. Admit that Plaintiffs created a conflict of interest that violated Defendant's code of conduct, and that Dr. Burggraf sent letters to Plaintiffs regarding same. Deny remaining allegations in Paragraph #17.

18. The referenced document speaks for itself such that no response is necessary. To the extent a response is necessary, deny to the extent inconsistent with said document.

19. The referenced document speaks for itself such that no response is necessary. To the extent a response is necessary, deny to the extent inconsistent with said document. Specifically deny that Plaintiffs had not created a conflict of interest.

20. Deny.

21. Deny for lack of knowledge.

22. Deny.

## COUNT I
## UNPAID OVERTIME

23. Defendant restates each and every response set forth in Paragraphs 1 to 22 above.

24. Paragraph #24 consists only of legal conclusions such that no response is necessary. To the extent a response is necessary, deny to the extent inconsistent with referenced statutes.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

## COUNT II
## RETALIATION

30. Defendant restates each and every response set forth in Paragraphs 1 to 29 above.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

## COUNT III
## ABUSE OF PROCESS

41. Defendant restates each and every response set forth in Paragraphs 1 to 40 above.

42. Admit.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

## COUNT IV
## FRIVOLOUS CONDUCT UNDER OHIO REVISED CODE SECTION 2323.51

48. Defendant restates each and every response set forth in Paragraphs 1 to 47 above.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## COUNT V
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

54. Defendant restates each and every response set forth in Paragraphs 1 to 53 above

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

## COUNT VI
## NEGLIGENT TRAINING, RETENTION, AND SUPERVISION

62. Defendant restates each and every allegation set forth in Paragraphs 1 to 61 above.

63. Deny as stated.

64. Deny.

65. Deny.

66. Deny.

## COUNT VII
## FAILURE TO PRODUCE REQUESTED RECORDS

67. Defendant restates each and every allegation set forth in Paragraphs 1 to 66 above.

68. Deny for lack of knowledge.

69. Deny as stated.

70. Deny.

71. Paragraph #71 consists only of legal conclusions such that no response is necessary. To the extent a response is necessary, deny to the extent inconsistent with referenced statutes.

72. Deny.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges, in the alternative, that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are barred by lack of personal and subject matter jurisdiction.

4. Defendant affirmatively alleges, in the alternative, that venue is improper.

5. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, unclean hands, res judicata and/or estoppel, recoupment and set-off.

6. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are redundant.

7. Defendant affirmatively alleges, in the alternative, that to the extent that the Plaintiffs have suffered any compensable damages (which is specifically denied), the Plaintiffs have failed to mitigate their damages.

8. Defendant affirmatively alleges, in the alternative, that any damages sustained by Plaintiffs as alleged in the Amended Complaint are the result of the direct, proximate, intervening and/or superseding acts and/or omissions of parties other than Defendant.

9. Defendant affirmatively alleges, in the alternative, that at all times material hereto, Defendant acted in good faith.

10. Defendant affirmatively alleges, in the alternative, that at all times material hereto, Defendant was privileged to act.

11. Defendant affirmatively alleges that at all times material hereto, Defendant acted in accordance with applicable laws.

12. Defendant affirmatively alleges, in the alternative, that at all times material hereto, Defendants actions are based on legitimate, non-discriminatory and non-retaliatory reasons.

13. Defendant affirmatively alleges, in the alternative, that punitive damages are not recoverable against Defendant.

14. Defendant affirmatively alleges, in the alternative, that the Plaintiffs' employment did not end as a result of any discriminatory or retaliatory actions or for any discriminatory or retaliatory purposes.

15. Defendant affirmatively alleges, in the alternative, that at all times relevant to this lawsuit, Plaintiffs were treated in a manner consistent with other similarly situated employees.

16. Defendant affirmatively alleges, in the alternative, that Plaintiffs did not engage in any protected activity.

17. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are barred and/or Plaintiffs' remedies are limited because any actions taken by Defendant relative to Plaintiffs would have been taken regardless of whether Plaintiffs engaged in protected activity.

18. Defendant affirmatively alleges, in the alternative, that Plaintiffs' Amended Complaint is frivolous.

19. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims are barred and/or limited by contractual agreement.

20. Defendant affirmatively alleges, in the alternative, that damage caps apply.

21. Defendant affirmatively alleges, in the alternative, that Plaintiffs were at will employees and their public policy claim is not recognized or viable in Ohio, as no public policy exists or is jeopardized with respect to their claims.

22. Defendant affirmatively alleges, in the alternative, that Plaintiffs' claims may be barred by the doctrine of after-acquired evidence.

23. Defendant affirmatively alleges, in the alternative, that its actions are was entitled to absolute and/or qualified privilege, included absolute judicial privilege.

24. Defendant expressly preserves and does not knowingly or intentionally waive any of the affirmative defenses set forth in Rule 8 and Rule 12 of the Federal Rules of Civil Procedure or under applicable law, which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense

25. Defendant respectfully reserves the right to amend its Answer to add such additional Affirmative Defenses, Counterclaims and/or Third-Party Complaints as may be disclosed during the course of the captioned matter.

WHEREFORE, Defendant respectfully demands that Plaintiffs' Amended Complaint be dismissed, with prejudice, at Plaintiffs' costs and for such other relief which is equitable and just.

## COUNTERCLAIM[1]

Now comes Defendant Family Life Counseling and Psychiatric Services, by and through counsel, and for its Counterclaim against Plaintiffs states as follows:

1. Plaintiffs were employed by Defendant in positions of management, trust and authority. Plaintiff John Chime was the Regional Director and Plaintiff Bethany Chime was Defendant's Clinical Director in Defendant's Northern Region Offices located in Norwalk, Ohio.

2. As employees and trusted and managerial employees of Defendant, Plaintiffs owed a common law duty of loyalty to Defendant to carry out their duties with Defendant in good faith

---

[1] Family Life Counseling and Psychiatric Services reasserts its Counterclaim herein; this Counterclaim was also asserted in conjunction with its Answer to the original Complaint.

and to not act to the detriment of Defendant or not engage in any disloyal acts against Defendant during their employment with Defendant.

3. In addition, due their positions of management, trust and authority, Plaintiffs each owed Defendant a fiduciary duty in this regard as well.

4. In that regard, Plaintiffs, during their employment with Defendant, set up, created, planned and engaged in actions in direct competition with and directly and indirectly contrary to the business interests of Defendant in the very same community where they were, at that same time, supposed to be working for and on Defendant's behalf. Further and meanwhile, Plaintiffs took actions to attempt to conceal the true nature of their actions until they had left their employment with Defendant.

## FIRST CAUSE OF ACTION – BREACH OF DUTY OF LOYALTY

5. Defendant restates and incorporates herein by reference paragraphs 1 thought 4 of the Counterclaim as if fully restated herein.

6. Plaintiffs' actions in this regard constituted a breach of the common law duty of loyalty to Defendant as employees and managers of Defendant.

7. Plaintiffs' actions in this regard were willful, wanton and/or intentional.

8. As a direct and proximate result of Plaintiffs' breaches of their duties in this regard, Defendant has sustained compensatory damages including but not limited to payment of compensation to Plaintiffs while they were acting contrary to Defendant's interests, reputational damages, significant disruption of the staff and operations of Defendant's Northern Region Offices and operations, negative impact of the office and staff morale and other damages which will be proven at the trial of this cause.

## SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

9. Defendant restates and incorporates herein by reference paragraphs 1 thought 8 of the Counterclaim as if fully restated herein.

10. Plaintiffs' actions in this regard constituted a breach their fiduciary duties to Defendant.

11. Plaintiffs' actions in this regard were willful, wanton and/or intentional.

12. As a direct and proximate result of Plaintiffs' breaches of their duties in this regard, Defendant has sustained compensatory damages including but not limited to payment of compensation to Plaintiffs while they were acting contrary to Defendant's interests, reputational damages, significant disruption of the staff and operations of Defendant's Northern Region Offices and operations, negative impact of the office and staff morale and other damages which will be proven at the trial of this cause.

## THIRD CAUSE OF ACTION – BREACH OF EMPLOYMENT CONTRACT

13. Defendant restates and incorporates herein by reference paragraphs 1 thought 12 of the Counterclaim as if fully restated herein.

14. Defendant had oral, at-will contracts of employment with Plaintiffs.

15. Plaintiffs' actions in this regard constituted a breach of their contractual obligations to Defendant as employees and managers of Defendant.

16. As a direct and proximate result of Plaintiffs' breaches in this regard, Defendant has sustained compensatory damages including payment of compensation to Plaintiffs while they were acting contrary to Defendant's interests, reputational damages, significant disruption of the staff and operations of Defendant's Northern Region Offices and operations, negative impact of the office and staff morale and other damages which will be proven at the trial of this cause.

WHEREFORE, Defendant respectfully demands damages against Plaintiffs, jointly and severally, for compensatory damages, forfeiture of compensation, punitive damages, attorneys' fees and the costs of this action and other such relief as is equitable and just.

                Respectfully submitted,

                s/ Jonathan H. Krol
                Jonathan H. Krol (0088102)
                **REMINGER CO., L.P.A.**
                101 West Prospect Avenue, Suite 1400
                Cleveland, Ohio 44115-1093
                (216) 430-2268(O) | (216) 687-1841 (F)
                E:  jkrol@reminger.com

*Attorney for Defendant*

and

                /s/ J. Jeffrey Heck
                J. Jeffrey Heck (0039986)
                **THE HECK LAW OFFICES, LTD.**
                One Marion Avenue, Suite 215
                Mansfield, Ohio 44903
                (419) 524-2700(O) | (419) 524-2710 (F)
                E:  jheck@hecklawoffices.com

*Attorney for Defendant and Counterclaim Plaintiff*

## **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable and by the maximum number jurors allowed by law.

                s/ Jonathan H. Krol
                Jonathan H. Krol (0088102)
                **REMINGER CO., L.P.A.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                                                        s/ Jonathan H. Krol
                                                        Jonathan H. Krol (0088102)
                                                        **REMINGER CO., L.P.A.**