# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **John Chime, et al.,** | Case No. 1:19cv2513 |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Family Life Counseling and Psychiatric Services,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant** | |

Currently pending is the parties' "Joint Motion for Approval of FLSA Settlement and Entry of Order of Dismissal of All Claims with Prejudice." (Doc. No. 32.) Plaintiffs John and Bethany Chime filed a Corrected Exhibit A to this Motion on November 12, 2020. (Doc. No. 35.) For the following reasons, the parties' Joint Motion for Approval is DENIED.

**I.   Background**

On October 28, 2019, Plaintiffs John and Bethany Chime filed a Complaint in this Court against Defendant Family Life Counseling & Psychiatric Services. (Doc. No. 1.) Therein, Plaintiffs allege that they had worked over forty hours per week for more than three years but were not paid overtime wages for this time. (*Id*. at ¶¶ 10-13.) Plaintiffs further allege that, despite their repeated complaints, Defendant "insisted" that they nonetheless work unpaid overtime hours. (*Id.* at ¶¶ 14-16.) Plaintiffs allege that they advised Defendant of their intent to consult an attorney. (*Id*. at ¶ 16.) Plaintiffs did so and, in June 2019, Plaintiffs' attorney sent a letter to Defendant. (*Id*. at ¶ 19.) Shortly thereafter, on July 12, 2019, Defendant terminated Plaintiffs' employment. (*Id*. at ¶ 20.)

In the Complaint, Plaintiffs assert a claim for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Ohio Rev. Code § 4111.03 *et seq*.,

as well as state law claims for retaliation, wrongful discharge in violation of public policy, and negligent training, retention, and supervision. (*Id*.) Plaintiffs seek compensatory, punitive, and liquidated damages; pre and post judgment interest; and attorney's fees and costs. (*Id*.)

Defendant Family Life Counseling & Psychiatric Services (hereinafter "Family Life") filed an Answer and Counterclaim on January 10, 2020. (Doc. No. 7.) In its Counterclaim, Family Life alleges that Plaintiffs were "trusted and managerial employees"[1] who owed fiduciary and common law duties of good faith to Family Life. (*Id*. at p. 7.) Defendant asserts that "Plaintiffs, during their employment with Defendant, set up, created, planned and engaged in actions in direct competition with and directly and indirectly contrary to the business interests of Defendant in the very same community where they were, at that same time, supposed to be working for and on Defendant's behalf." (*Id.*) Defendant asserts state law counterclaims for (1) breach of the duty of loyalty; (2) breach of fiduciary duty; and (3) breach of employment contract. (*Id.* at pp. 7-9.)

Plaintiffs thereafter filed an Amended Complaint. (Doc. No. 9.) Therein, Plaintiffs add state law claims for retaliation, abuse of process, and frivolous conduct based on the filing of Defendant's Counterclaim. (*Id.*) In addition, Plaintiffs allege a claim for "failure to produce requested records" required to be kept and produced pursuant to Ohio Rev. Code § 4111.14. (*Id*.)

A Case Management Conference ("CMC") was conducted on March 27, 2020, at which time various case management deadlines were set. On that same date, Plaintiffs filed a Motion to Dismiss Defendant's breach of employment contract counterclaim. (Doc. No. 18.) Defendant thereafter filed a Motion for Leave to File Second Amended Counterclaim, which was granted. (Doc. No. 21.) The

---

[1] Specifically, Defendant alleges that "Plaintiff John Chime was the Regional Director and Plaintiff Bethany Chime was defendant's Clinical Director in defendant's Northern Region Offices located in Norwalk, Ohio." (Doc. No. 7 at p. 7.)

Second Amended Counterclaim contains additional factual allegations regarding Defendant's breach of employment contract claim. (Doc. No. 21-1 at p. 3-4.) Plaintiffs' Motion to Dismiss was subsequently denied as moot.

On May 27, 2020, the Court conducted a telephonic status conference with counsel. (Doc. No. 22.) At that time, the parties advised the Court that mediation proceedings with a neutral mediator were scheduled for July 6, 2020. (*Id.*) The Court extended all case management deadlines. (*Id.*) In July 2020, the parties advised that mediation proceedings were ongoing. (Doc. No. 25.) The Court again extended the fact discovery deadline to allow the parties to continue their negotiations. (*Id.*)

On October 2, 2020, the parties filed a Joint Motion to file under Seal. (Doc. No. 27.) Therein, the parties advised the Court that they had reached a "confidential settlement of all claims," including Plaintiffs' FLSA claims. (*Id.*) The parties sought leave to file, under seal, their motion to approve the settlement agreement, and related documents, on the grounds that "they contain confidential settlement information." (*Id.*)

On October 5, 2020, the Court issued an Order granting in part and denying in part the parties' Joint Motion as follows:

> [T]he Joint Motion is granted in part and denied in part. The parties are directed to file both redacted and unredacted versions of their joint motion to approve settlement agreement and related documents. After reviewing the settlement agreement and related documents, the Court will consider the issue of whether the parties have provided sufficient justification for maintaining their joint motion and settlement agreement under seal.
>
> Also, since the parties have represented in their Joint Motion that the confidentiality of the settlement is a material term of the agreement, the parties' joint motion for approval of the settlement agreement should include briefing on the issue of the enforceability of confidentiality provisions in FLSA settlement agreements.

(Doc. No. 28.)

3

On October 12, 2020, the parties submitted a "Joint Brief in Support of Submitting Confidential Settlement Agreement Under Seal." (Doc. No. 29.) Therein, the parties indicate that "motions to seal settlement agreements have been routinely granted by countless courts in the Northern District in connection with approving FLSA settlements." (*Id.* at p. 2-3.) The parties emphasize the importance of the confidentiality provision of the settlement agreement herein, asserting that "[f]ailure to include that term would fundamentally alter the agreement and threaten its viability, potentially undoing months of negotiations that resulted in a hard-fought resolution." (*Id.* at p. 2.) Finally, the parties note that "because this is an individual (and not a class or collective) action, there is virtually no public interest in publicizing the terms of the resolution, and no need for non-parties to be made aware of the terms of the resolution." (*Id*. at p. 3.)

The Court conducted a telephonic status conference with counsel on October 16, 2020. (Doc. No. 30.) During this conference, the Court noted that numerous courts throughout this Circuit had, in fact, declined to allow FLSA settlement agreements to remain confidential, not only because of the strong public interest in access to judicial records but also in light of the public-private character of the FLSA itself. *See e.g., Altier v. A Silver Lining LLC*, 2017 WL 10402564 at *1 (S.D. Ohio Nov. 15, 2017) (denying motion for leave to file FLSA settlement agreement under seal in light of "the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being.'") (quoting *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919 at *2 (W.D.N.Y. Nov. 2, 2010)); *Camp v. Marquee Constr., Inc.*, 2020 WL 59517 at *1 (S.D. Ohio Jan. 6, 2020); *Smolinski v. Ruben & Michelle Enterprises Inc.*, 2017 WL 835592 at *1 (E.D. Mich. Mar. 3, 2017); *Stanley v. Turner Oil & Gas Properties, Inc.*, 2017 WL 5068444 at *1 (S.D. Ohio July 24,

4

2017); *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016). As none of this case law had been acknowledged or addressed in the parties' Joint Brief, the Court allowed the parties to file a Supplemental Brief in support of their Joint Motion to allow the settlement agreement to remain confidential. (Doc. No. 30.)

Rather than filing a Supplemental Brief, the parties filed a Joint Motion for Approval of FLSA Settlement Agreement. (Doc. No. 32.) This Motion was filed on the public docket. Therein, the parties note that they "have allocated a portion of the settlement to the FLSA claims and have executed a Settlement Agreement and Release of Claims with respect to the FLSA claims." (*Id.* at p. 2.) The parties explain that they have executed "a separate Confidential Settlement Agreement and Release with respect to the non-FLSA claims, for which the parties do not seek approval."[2] (*Id.* at fn 1.) In a later filing, the parties explain further that "the purpose of the parties executing two separate settlement agreements is to facilitate filing the FLSA settlement agreement with the Court without doing so under seal, while also preserving the confidentiality of the parties' settlement related to the other claims and counterclaims." (Doc. No. 34 at p. 2.)

In connection with their Joint Motion for Approval, the parties filed, on the public docket, a copy of their FLSA Settlement Agreement. (Doc. No. 35.) This Agreement is captioned "Confidential Settlement Agreement and Release of FLSA Claims," and contains a mutual

---

[2] As explained in a Motion filed on November 12, 2020, counsel inadvertently attached the parties' confidential, non-FLSA Settlement Agreement as Exhibit A to the Joint Motion for Approval. (Doc. No. 34.) In order to preserve the confidentiality of the non-FLSA Settlement Agreement, the Court restricted access to this document. The parties subsequently sought leave to file the FLSA Settlement Agreement (i.e., Corrected Exhibit A), on the public docket. (*Id.*) The Court granted leave, and the FLSA Settlement Agreement that is the subject of the parties' Joint Motion for Approval is now located on the docket as Doc. No. 35.

confidentiality provision. (*Id.* at ¶ 25.) The parties do not acknowledge, or address the enforceability of, this confidentiality provision at any point in their Joint Motion.

## II.     Legal Standard

Congress enacted the FLSA as a "broadly remedial and humanitarian statute," *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 845 (6th Cir. 2019), designed "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706 (1945). The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank*, 324 U.S. at 706; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *See Lynn's Foods, Inc*., 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id.* District courts within this Circuit routinely require court approval of FLSA settlements, even when such settlements involve individual (as opposed to collective) claims. *See, e.g., Camp v. Marquee Construction, Inc.,* 2020 WL 59517 at * 1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval even where only one litigant's rights are implicated") (collecting cases); *Haskett v. Crescent Digital, LLC*, 2019 WL 3531875 (N.D. Ohio Aug. 2019) (approving FLSA settlement involving one plaintiff); *Green v. Hepaco, LLC*, 2014 WL 2624900 (W.D. Tenn. June 12, 2014) (approving FLSA settlement involving one plaintiff).

In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Snook v. Valley OB-GYN Clinic, P.C.*, 2014 WL 7369904 at *2 (E.D. Mich. Dec. 29, 2014) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). *See also Batista v. Tremont Enterprises*, 2019 WL 3306315 at * 1 (N.D. Ohio July 22, 2019); *Rotuna v. W. Customer Mgmt. Grp., LLC*, 2010 WL 2490989 at *5 (N.D. Ohio June 15, 2010) "Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Snook,* 2014 WL 7369904 at *2 (citing *Dees v. Hydradry, Inc*., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Services*, 2011 WL 2532922 at * 3 (S.D. Ohio June 24, 2011).

"One additional consideration of which courts must remain cognizant in FLSA settlements is confidentiality." *Green*, 2014 WL 2624900 at * 3. *See also Thompson v. Deviney Construction Company, Inc*., 2017 WL 10662030 at * 2 (W.D. Tenn. Dec. 15, 2017); *Nutting v. Unilever Mfg (U.S.) Inc.*, 2014 WL 2959481 at * 4 (W.D. Tenn. June 13, 2014). Numerous courts, including several within this Circuit, have found that "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp.

2d 1227, 1242 (M.D. Fla. 2010)). *See also Zego v. Meridian-Henderson,* 2016 WL 4449648 at * 1 (S.D. Ohio Aug. 24, 2016) ("The Court agrees with the majority of courts that have considered this issue, including courts within the Sixth Circuit, and held that '[a] confidentiality provision in an FLSA settlement agreement...contravenes the legislative purpose of the FLSA.'") (quoting *Dees*, 706 F.Supp.2d at 1242); *Nutting,* 2014 WL 2959481 at * 4; *Guareno v. Vincent Perito, Inc.,* 2014 WL 4953746 at * 1 (S.D.N.Y. Sept. 26, 2014); *Galvez v. Americlean Servs. Corp.,* 2012 WL 1715689 at * 4 (E.D. Va. May 15, 2012).

This is because "[c]onfidentiality agreements arguably impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights under the FLSA, both of which run counter to the letter and the spirit of the statute." *David v. Kohler Co.*, 2019 WL 6719840, at *5 (W.D. Tenn. Dec. 10, 2019). For example, "[e]mployees with firsthand knowledge and experience of the FLSA might be the most obvious source of information about the Act for their co-workers." *Id.* However, "if they are bound to keep that knowledge to themselves because of a preexisting agreement, they will be prevented from counseling or assisting co-workers in their own protected activity." *Id.*

Therefore, "[i]f the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden 'to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Williams v. Alimar Security, Inc*., 2017 WL 427727 at * 1 (E.D. Mich. Feb. 1, 2017) (quoting *Alewel v. Dex One Serv., Inc*., 2013 WL 6858504 at *4 (D. Kan. Dec. 30, 2013). *See also Green*, 2014 WL 2624900 at * 4 (allowing FLSA settlements to remain confidential where parties can make a "substantial showing" that their need for confidentiality outweighs presumption of public access);

8

*Thompson*., 2017 WL 10662030 at * 2 ("The mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.'") (quoting *Scott v. Memory Co., LLC*, 2010 WL 4683621 at *2 (M.D. Ala. Nov. 10, 2010)).

**III.   Analysis**

Here, the parties' Proposed FLSA Settlement Agreement contains the following Mutual Confidentiality provision:

> **Mutual Confidentiality**.  Other than steps necessary to obtain Court approval (such as filing this FLSA Settlement Agreement on the Court's public filing system), the Parties agree that they have kept and shall continue to keep confidential the terms of this Agreement, and that they shall not disclose any matters herein, including, but not limited to, the content of any and all settlement negotiations leading up to this Agreement or the terms hereof.  Pursuant to the terms of this paragraph, the Parties hereto may disclose the information contained in this Agreement to the Court, their professional tax advisors, insurers, accountants, spouse, and to their private attorneys. In addition, the Parties may disclose the information contained in this Agreement to the Court and as necessary to process the payments herein.  In the event any party is asked about this settlement (other than those to whom this Paragraph permits disclosure), they shall answer, "the matter has been resolved" and/or "I cannot discuss it further" and/or "the lawsuit [or claims] has [have] been settled to the mutual satisfaction of the parties."  Additionally, either Party may disclose the terms of this Agreement if compelled to do so by any lawful legal process.

(Doc. No. 35 at p. 5.)

The Court finds that the above confidentiality clause contravenes "Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Dees*, 706 F. Supp. 2d at 1245.  *See also Thompson*, 2017 WL 10662030 at * 2; *Nutting*, 2014 WL 2959481 at * 4.  Apart from their general assertion that they wish to keep the terms secret, the parties herein do not offer any compelling reason for enforcing the confidentiality provision of the parties' FLSA Settlement Agreement.  (Doc. No. 29 at p. 2.)  However, "[a]

9

business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented in this case." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). *See also Steele,* 172 F.Supp.3d at 1030-1031 (finding that "any ostensible privacy right that would be invaded by publishing the settlement agreement pales in comparison to . . . the purpose of the FLSA"); *Green*, 2014 WL 2624900 at * 5 (finding that "the privacy interests asserted by Plaintiff and Defendant do not overcome the presumption of public access to FLSA settlement agreements"); *Thompson*, 2017 WL 10662030 at * 3 (same).

Moreover, the Court rejects the parties' suggestion that refusing to enforce confidentiality provisions in FLSA settlements would operate as a disincentive to settlement. As several courts have noted, "[e]ven in the absence of confidentiality provisions, there is ample incentive within the FLSA for parties to settle." *Thompson*, 2017 WL 10662030 at * 3. *See also Green*, 2014 WL 2624900 at * 4 ("[C]ourts have 'roundly rejected' the argument that confidentiality provisions are essential and material components of FLSA settlement agreements without which there would be no incentive to settle costly litigation") (quoting *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 648 (S.D. N.Y. 2011)); *Nutting*, 2014 WL 2959481 at * 4 (same). In fact, Congress intended to encourage FLSA settlements not through confidentiality provisions, but rather through "the waiver provision found in 29 U.S.C. § 216(c), which grants an enforceable release to employers from any right any employee may have to ... unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved." *Thompson*, 2017 WL 10662030 at * 3 (quoting *Bouzzi v. F&J Pine Rest., LLC,* 841 F. Supp. 2d 635, 640 (E.D. N.Y. 2012)). *See also Nutting*, 2014 WL 2959481 at * 4.

Finally, the Court rejects the parties' arguments that "there is virtually no public interest in publicizing the terms of the resolution" in light of the fact that there are only two plaintiffs in this

case. (Doc. No. 29 at p. 3.) "[T]he public has an interest in the outcome of FLSA litigations, regardless of the number of plaintiffs in the case." *Camp*, 2020 WL 59517 at * 1. *See Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, 2019 WL 978472, at *2 (S.D. Ohio Feb. 28, 2019) (denying parties' joint motion to seal settlement in FLSA wage and hour case where there was only one plaintiff). The parties offer no persuasive reason why the public interest is any less for an individual settlement than a collective action one. In either case, confidentiality agreements "impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights under the FLSA, both of which run counter to the letter and the spirit of the statute." *David*, 2019 WL 6719840 at *5. This argument in support of the parties' Joint Motion is without merit and rejected.

Accordingly, the Court finds that the parties have failed to demonstrate any compelling reason for enforcing the confidentiality provision of their proposed FLSA Settlement Agreement. As this provision contravenes the public policy purposes of the FLSA, the Court declines to enforce the parties' FLSA Settlement Agreement to the extent it contains such a provision. The parties' Joint Motion for Approval of FLSA Settlement (Doc. No. 32) is, therefore, denied.

**IV.    Conclusion**

Accordingly, and for all the foregoing reasons, the parties' Joint Motion for Approval of FLSA Settlement (Doc. No. 32) is DENIED. By no later than November 30, 2020, the parties shall either (1) file on the public docket a renewed motion for approval and a revised settlement agreement

omitting the confidentiality provision; or (2) file a joint notice advising the Court that the parties have withdrawn from the settlement and the Court should proceed with this litigation.

**IT IS SO ORDERED.**

Date: November 17, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE